MALTUS & WARE *v.* UNITED STATES (No. 1546).[2]

1. ORCHID PLANTS—MATURE MOTHER FLOWERING BULBS.

Orchid plants, known as Cattleyas, which at the time of importation had already flowered and would never flower again and were useful for propagating and for no other commercial purpose and which, although not true bulbs, were known to the trade as orchid bulbs, were assessed for duty at 25 per cent ad valorem as orchids under paragraph 210, tariff act of 1913. *Held,* that the same were entitled to free entry under the proviso to said paragraph as mature mother flowering bulbs imported exclusively for propagating purposes.

---

[1] Reported in T. D. 35919 (29 Treas. Dec., 580).
[2] Reported in T. D. 35920 (29 Treas. Dec., 581).

2. " Bulbs " Used in Popular Rather Than Botanical Sense.

There is nothing in the act or in its legislative history which would justify the conclusion that Congress intended that the term " bulbs " should be given a strictly scientific or botanical meaning; on the contrary, the fact that Congress applied the term to other plant growths, not true bulbs, enumerated in paragraph 210, conclusively establishes that such was not its intention.

United States Court of Customs Appeals, November 19, 1915.

Appeal from Board of United States General Appraisers, G. A. 7675 (T. D. 35103).

[Reversed.]

*Allan R. Brown* for appellants.

*Bert Hanson,* Assistant Attorney General (*Samuel Isenschmid,* special attorney, of counsel), for the United States.

Before Montgomery, Smith, Barber, De Vries, and Martin, judges.

Smith, Judge, delivered the opinion of the court:

An importation reported by the appraiser at the port of New York to be orchid plants was assessed for duty by the collector of customs at 25 per cent ad valorem as orchids under paragraph 210 of the tariff act of 1913, which reads as follows:

210. Orchids, palms, azalea indica, and cut flowers, preserved or fresh, 25 per centum ad valorem; lily of the valley pips, tulips, narcissus, begonia, and gloxinia bulbs, $1 per thousand; hyacinth bulbs, astilbe, dielytra, and lily of the valley clumps, $2.50 per thousand; lily bulbs and calla bulbs or corms, $5 per thousand; herbaceous peony, Iris Kaempferri or Germanica, canna, dahlia, and amaryllis bulbs, $10 per thousand; all other bulbs, roots, root stocks, corms, and tubers, which are cultivated for their flowers or foliage, 50 cents per thousand: *Provided,* That all mature mother flowering bulbs imported exclusively for propagating purposes shall be admitted free of duty.

The importers protested that the goods were not orchids, but that they were mature mother flowering bulbs, imported exclusively for propagating purposes, and that therefore they were free of duty under the proviso to said paragraph.

The Board of General Appraisers overruled the protest and the importers appealed.

The merchandise the tariff classification of which is involved in this appeal is a plant growth, known as Cattleya. The Cattleya is a species of orchid, and as appears from the testimony in the case and the samples in evidence, consists of a horizontal root stock or stem, from the lower part of which grows a tangle of small spongy roots, and from the upper part a number of fleshy vertical shoots, in which, at the beginning of their existence, is stored up a reserve stock of plant food, and from which later on spring leaves and flowers. The leaves, judging from the samples, are wrapped around a bunch of vegetable fibers which constitute to all appearances the permanent and more substantial part of the shoot. During the period when the shoot is leafing and flowering a considerable part of it is thickened

into a bulbous growth, at the base of which is established a new joint which apparently contains the germ of a new shoot.

We think it is fairly shown by the evidence and the samples that once the thickened shoot has flowered it never flowers again, but sends out from the joint at its base a new process, which, in its turn, develops a new joint, thickens, produces leaves and flowers, and then becomes the mother of a shoot which is similar to its original self and destined to go through the cycle of producing a joint, leaves, flowers, and a new thickened portion.

The Cattleyas are, we think, unquestionably orchid plants, but orchid plants which at the time of importation had reached that stage in their life history when the vertical branches had already thickened and performed the function of producing flowers and leaves. Each of these vertical branches, when severed from the cluster, together with the portion of the root stock to which it is attached is, if properly cared for, capable of propagating from the newly developed joint a thickened portion like itself and is fit for no other purpose. In that state the Cattleya plants, according to the uncontradicted testimony in the case, were known to the trade, prior to the passage of the tariff act of 1913, as orchid bulbs, and were bought and sold, both at wholesale and retail, as bulbs and on the basis of so many bulbs to the cluster.

Having received from the trade the commercial designation of bulbs, we think the plants under discussion must be accepted as bulbs for tariff purposes. As they are capable of producing and do produce during the process of their evolution a flower, they are entitled to be called flowering bulbs. Having flowered before importation, they will not flower again, but will generate, under normal conditions, bulbs like themselves, and consequently they must be regarded as mother bulbs. The only important function left for them to perform at the time of importation was that of propagating, and from that it follows that they must be considered as mature mother bulbs. The evidence shows that they were imported for the propagation of plant growths which would leaf and flower as they had done before importation and that they had no other commercial use. We must hold, therefore, that the Cattleya plants in question were mature mother flowering bulbs, imported exclusively for propagating purposes, and that they were entitled to free entry under the proviso to paragraph 210.

It is true, as shown by the record and as found by the board, that botanically speaking the thickened portion of the Cattleya is not a true bulb but is a pseudo bulb. We find nothing, however, in the tariff act of 1913 or in its legislative history which would justify us in concluding that Congress intended that the term " bulbs " should be given a strictly scientific or botanical meaning wherever found in

paragraph 210. Indeed, that such an intention can not be attributed to Congress is very conclusively established by the fact that paragraph 210 enumerates canna, dahlia, herbaceous peony, Iris Kaempferri, begonia, and gloxinia bulbs, which, according to competent witnesses introduced by the Government, are not in a botanical sense bulbs at all, but are pseudo bulbs, just as much as were the bulbs which are here the subject of controversy. Moreover, these same witnesses for the Government took occasion to say that many, if not all, of the pseudo bulbs enumerated in paragraph 210 as bulbs are popularly known and designated as bulbs. That testimony rather strengthens the view that it was not the legislative purpose to confine the proviso to true bulbs—that is to say, to bulbs recognized as such by botanists.

Whether Cattleya bulbs which have not yet flowered are entitled to free entry under the proviso to paragraph 210 is not decided.

The decision of the Board of General Appraisers is *reversed.*